```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                 CORPUS CHRISTI DIVISION

BELINDA SWANN,                    §
                                  §
     Plaintiff,                   §
                                  §
vs.                               §   C.A. NO. C-05-560
                                  §
GUIDANT CORPORATION, et al,       §
                                  §
     Defendants.                  §
```

## ORDER OF REMAND

On this day came on to be considered Plaintiff's Motion to Remand (D.E. 12) the above-styled action for lack of subject-matter jurisdiction. For the reasons discussed below, Plaintiff's Motion to Remand is GRANTED and the above-styled action is REMANDED pursuant to 28 U.S.C. § 1447(c) to the 79th Judicial District Court of Jim Wells County, Texas, where it was originally filed and assigned Cause Number 05-10-43830.

### I.   BACKGROUND

On October 11, 2005, Plaintiff (a citizen of Texas) filed suit in Jim Wells County, Texas, against four Defendants: Cardiac Pacemakers, Inc. (a Minnesota citizen), Guidant Corporation (an Indiana citizen), Guidant Sales Corporation (an Indiana citizen), and Guidant Puerto Rico Sales Corporation (a Texas citizen). Plaintiff alleged a litany of state law causes of action against the four Defendants, including: civil conspiracy, products liability, fraud, negligence, and intentional infliction of emotional distress. Plaintiff's claims all arise out of the

design, manufacture, marketing, and sale of the Ventak Prizm 2 Model 1861 Implantable Cardioverter Defibrillator ("ICD"), a surgically implanted electronic device used to monitor and stabilize heart rhythms. Plaintiff claims that her husband, George Swann ("Swann"), had this device installed in 2001. Plaintiff further alleges that Swann died from a myocardio infarction as a result of a defect in the ICD.

On November 25, 2005, Defendants removed the case to this Court, alleging that Plaintiff and all properly-joined Defendants were citizens of different states. In particular, Defendants argue that the Court should ignore the citizenship of Defendant Guidant Puerto Rico Sales Corporation ("GPRSC") because GPRSC has been improperly joined. Defendants contend that GPRSC did not participate in the design, manufacture, or sale of the allegedly-defective ICD. Therefore, Defendants reason, GPRSC owes no duty to Plaintiff and cannot be held liable. On December 7, 2005, Plaintiff responded by filing a motion to remand the case.

## II.  DISCUSSION

The Court has addressed this same issue three times, in cases involving nearly-identical claims against the same four Defendants. See Hinojosa v. Guidant Corp., et al, 2:05-cv-399; Motal v. Guidant Corp., et al, 2:05-cv-390; Liedeker v. Guidant Corp., et al, 2:05-cv-398. In each of these cases, this Court found that Defendants had failed to meet their "heavy burden" of proving that plaintiffs had "no reasonable possibility" of recovering from GPRSC under

Texas law. See, e.g., Griggs v. State Farm Lloyds, 181 F.3d 694, 699, 701 (5th Cir. 1999). Specifically, the Court found plaintiffs had stated a claim against GPRSC for civil conspiracy. The Court therefore concluded it lacked subject-matter jurisdiction and remanded the cases to state court.

Defendants concede that this case involves "allegations nearly identical" to Hinojosa, Motal, and Liedeker. (Notice of Removal at ¶ 3.) Despite the similarities, however, Defendants fail to provide any persuasive reason why this Court should depart from its reasoning in those cases. Rather, Defendants continue to press the exact same arguments that this Court has three-times rejected.[1]

This Court therefore adheres to its finding that Plaintiff has a reasonable possibility of recovery from GPRSC. Under Tilton v. Marshall, 925 S.W.2d 672 (Tex. 1996) and Berry v. Golden Light Coffee Co., 327 S.W.2d 436 (Tex. 1959), Plaintiff can hold GPRSC liable for civil conspiracy despite the fact that it did not design, manufacture, or sell the allegedly-defective device. Under those cases, Plaintiff need not prove that GPRSC owes Plaintiff a "duty in tort" to hold GPRSC liable. Rather, Plaintiff need only prove that: (1) *at least one* defendant breached a duty in tort to Plaintiff; and (2) that GPRSC conspired with the breaching

---

[1] Defendants' only new argument relies on Judge Kent's recent Remand Order in the case of Hardin v. Guidant Corp., et al, 03:05-cv-430 (D.E. 29). Although Hardin also involved similar factual allegations to this case, Defendants' reliance on that case is unpersuasive. The Hardin court did not decide the issue of whether GPRSC was improperly joined because the court concluded that it lacked diversity jurisdiction on other grounds.

Defendant to commit that tort.  See Tilton, 925 S.W.2d at 681 (stating that "a defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable").

Although Defendants have cited cases for the proposition that GPRSC cannot be held liable for conspiracy, that alone is not enough to carry their burden.  See, e.g., Firestone Steel Prods. Co. v. Barajas, 927 S.W.2d 608 (Tex. 1996).  It is well-settled that courts must "resolve . . . all ambiguities in the controlling state law in favor of the non-removing party."  Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) (quotation omitted).  Therefore, this Court must assume that Tilton and Berry state the correct rule of law for conspiracy in Texas.  Under those cases, Plaintiff has a reasonable possibility of recovering from GPRSC and thus GPRSC has not been improperly joined.

### III. CONCLUSION

For these reasons, Plaintiff's Motion to Remand is GRANTED and the above-styled action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 79th Judicial District Court of Jim Wells County, Texas, where it was originally filed and assigned Cause Number 05-10-43830.

SIGNED and ENTERED this 29th day of December, 2005.

_____
Janis Graham Jack
United States District Judge